

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 12, 1948

Hon. C. H. Cavness
State Auditor
Austin, Texas

Opinion No. V-569

Re: Eligibility of employees
of various conservation
and reclamation districts
to be members of the Em-
ployees Retirement Sys-
tem of Texas.

Dear Mr. Cavness:

Your request for an opinion on the above sub-
ject is as follows:

"We shall greatly appreciate your opin-
ion as to whether the employees of each (separ-
ately) of the following are eligible for mem-
bership in the Employees Retirement System of
Texas:

Bexar County Metropolitan Water Dis-
trict
Brazos River Conservation and Recla-
mation District
Central Colorado River Authority
Comal County Water Recreational Dis-
trict No. 1
Colorado County Flood Control Dis-
trict
Dallas County Flood Control District
Dallas County Park Cities Water Con-
trol and Improvement District No.2
Fayette County Flood Control District
Guadalupe-Blanco River Authority
Guadalupe River Authority
Gulf Water Supply District
Harris County Flood Control District
Jackson County Flood Control District
Lavaca County Flood Control District
Lower Colorado River Authority
Lower Concho River Water and Soil
Conservation Authority
Lower Rio Grande Flood Control Dis-

trict
Leon River Flood Control District
Lower Neches Valley Authority
Nueces River Conservation and Re-
     clamation District
Panhandle Water Conservation Auth-
     ority
Pease River Flood Control District
Sabine-Neches Conservation District
San Jacinto River Conservation and
     Reclamation District
San Antonio River Canal and Conser-
     vancy District
Sulphur River Conservation and Re-
     clamation District
Upper Colorado River Authority
Upper  Guadalupe River Authority
Upper Red River Flood Control and
     Irrigation District
Valley Conservation and Reclamation
     District
Webb County Conservation and Recla-
     mation District."

     Article XVI, Section 59, Subdivisions (a) and
(b), Constitution of Texas, provide as follows:

     "Sec. 59.   (a) The conservation and
development of all of the natural resources
of this State, including the control, stor-
ing, preservation and distribution of its
storm and flood waters, the waters of its
rivers and streams, for irrigation, power
and all other useful purposes, the reclama-
tion and irrigation of its arid, semi-arid
and other lands needing irrigation, the re-
clamation and drainage of its over-flowed
lands, and other lands needing drainage, the
conservation and development of its forests,
water and hydro-electric power, the naviga-
tion of its inland and coastal waters, and
the preservation and conservation of all such
natural resources of the State are each and
all hereby declared public rights and duties;
and the Legislature shall pass all such laws
as may be appropriate thereto.

     "(b)   There may be created within the
State of Texas, or the State may be divided

into, such number of conservation and recla-
mation districts as may be determined to be
essential to the accomplishment of the pur-
poses of this amendment to the constitution,
which districts shall be governmental agen-
cies and bodies politic and corporate with
such powers of government and with the auth-
ority to exercise such rights, privileges
and functions concerning the subject matter
of this amendment as may be conferred by law."

Article 8194, V. C. S., reads as follows:

"Conservation and reclamation districts
may be created and organized in any manner
that water improvement, drainage, or levee
improvement districts are authorized by the
laws of this State to be created, and for
the several purposes therein provided."

The Vernon Law Book Company has assembled in
the last part of Chapter 8, Title 128, Vernon's Annotat-
ed Civil Statutes, and following Article 8197f, under a
heading entitled "Water Supply and Control", the Acts of
the Legislature creating the above listed conservation
and reclamation districts. Authority for all of them
stems from Article XVI, Section 59, Constitution of
Texas, and the various Acts creating them borrow certain
language from this constitutional provision by reciting
that ". . . such district shall be and is hereby declar-
ed to be a governmental agency and body politic and cor-
porate . . ." As the conservation and reclamation dis-
tricts under scrutiny in this opinion are all authorized
by the same constitutional authority and an examination
of each of the separate Acts creating them discloses a
similarity in language describing their legal entity and
general powers, we shall consider all thirty-one districts
collectively.

"Drainage districts created under the
provisions of Title 128, ch. 7, Art. 8097,
V. A. C. S., enacted under authority of Art.
XVI, Sec. 59(a), Constitution of Texas, are
political subdivisions of the State of the
same nature and stand upon exactly the same
footing as counties or precincts, or any of
the other political subdivisions of the State."
Jones v. Jefferson County Drainage District,
139 S.W.(2d) 861, citing numerous cases for

the above statement.

> "Irrigation districts, navigation districts, levee and improvement districts, and like political subdivisions created under Sec. 59(a), Art. XVI, Constitution of Texas, and statutes enacted thereunder carrying out the purposes of such constitutional provisions, are not classed with municipal corporations, but are held to be political subdivisions of the State performing governmental functions, and standing upon the same footing as counties and other political subdivisions established by law." Willacy County Water Control and Improvement District No. 1. v. Abendroth, 177 S.W.(2d) 936, 937, citing numerous cases.

The Austin Court of Civil Appeals in Lower Colorado River Authority v. Chemical Bank and Trust Company, 185 S.W.(2d) 461, later affirmed by the Supreme Court, described the Lower Colorado River Authority in these terms:

> "While designated and classified as a governmental agency and body politic and corporate, the Authority's functions and activities partake in large measure, the nature and characteristics, within legislative restrictions, of a large industrial enterprise rather than of a strictly governmental function. It has no power to levy taxes, enact laws nor ordinances, as a city has; and its efficient functioning depends in large measure on the sound judgment and good business management of its Board of Directors. They have large control over the operation of its properties, and the income to be derived therefrom, which constitute the only source of revenue to meet its obligations. . ."

"Department" and "employee" as used in the Employees Retirement Act are defined in Section 1 thereof as follows:

> "B. 'Department' shall mean any department, commission, institution or

agency of the State Government.

"C.  'Employee' shall mean any re-
gularly appointed officer or employee in
a department of the State who is employ-
ed on a basis or in a position normally
requiring not less than nine hundred (900)
hours per year, but shall not include mem-
bers of the State Legislature or any in-
cumbent of an office normally filled by
vote of the people; nor persons on piece-
work basis; nor operators of equipment or
drivers of teams whose wages are includ-
ed in rental rate paid the owners of said
equipment or team; nor any person who is
covered by the Teacher Retirement System
of the State of Texas or any retirement
system supported with State funds other
than the Texas Employees Retirement Sys-
tem."  (Emphasis ours)

The Lower Colorado River Authority has been
held to be an agency of the State.  L,C,R,A, v, McCraw,
83 S.W.(2d) 629 (1935); L.C.R.A. v. Chemical Bank and
Trust Co., 190 S.W.(2d) 48 (1945).  And the employees
of that body politic have been held State employees for
certain purposes.  However, notwithstanding the broad
definitions in the Employees Retirement System Act of
the words "department" and "employee," we believe that
construing the Act as a whole, this and similar agencies
and their employees were not intended to be covered by
the Retirement Act for the reasons that the 50th Legis-
lature contemplated only those "employees of the State"
whose duties relate to state-wide activities with no
intervening corporate entity or body between the State
and the employee,  In the case of conservation and re-
clamation districts the district is the employer much
the same as counties are the employers of its employees
and have control of their duties.  The district con-
trols the working hours of its employees and is respon-
sible for the compensation due its employees.

The following quotation taken from Dillman v.
State, 125 P. 367, 378, is appropriate in drawing the
distinction between strictly State officers and officers
of political subdivisions created by the State, and is
in line with the distinction we draw here between State
employees within the meaning of the Retirement Act and
employees of the conservation and reclamation districts

named in your request:

> "In general, it may be said that a
> State officer is one whose duties and
> powers are coextensive with the state,
> while a county officer is one whose dut-
> ies and powers are coextensive with the
> county. State officers are those whose
> duties concern the state at large, or
> the general public, although exercised
> within definite limits, and to whom are
> delegated the exercise of a portion of
> the sovereign power of the state. They
> are in a general sense those whose duties
> and powers are coextensive with the state,
> or are not limited to any political sub-
> division of the state, and are thus dis-
> tinguished from municipal officers strict-
> ly, whose functions relate exclusively to
> the particular municipality, and from
> county, city, town, and school district
> officers."

In former opinion No. O-6928 this office fol-
lowed the holding of the court in Wallacy County Water
Control and Improvement District No. 1 v. Abendroth, su-
pra, and L. C. R. A. v. Chemical Bank and Trust Company,
supra, by declaring that the Lower Colorado River Author-
ity employees were employees of a state agency and poli-
tical subdivision of the State and were within a statu-
tory exception to the Texas Unemployment Compensation
Act. This exception excluded "service performed in the
employ of this State, or any political subdivision there-
of, or any instrumentality of this State or its politi-
cal subdivisions."

In discussing the effect of a member of the
Legislature accepting employment with a River Authority
this office in former opinion No. O-6578 treated River
Authority employment as employment by the State within
the prohibition of Sec. 33, Art. XVI, Constitution of
Texas, denying payment of compensation from the State
Treasury to a person "who holds at the same time any
other office or position of honor, trust or profit, un-
der this State. . ."

In former Opinion No. V-462 this office was of
the opinion that a director of the Lower Neches Valley
Authority was a civil officer of this State and can
serve at the same time as a director of Texas A. & M.

College although he must do so without compensation from the State for either office.

We adhere to these former opinions and point them out for the sake of avoiding any confusion with the reasoning and conclusion of this opinion. We distinguish between the definitions of "state employee" as used in these opinions and those who are within the meaning of the Employees Retirement Act.

We note here that from reading Lower Colorado River Authority v. Chemical Bank and Trust Co., supra, the L. C. R. A. apparently has its own retirement system. In any event, the employees of this particular district would be precluded from membership in the system afforded by H. B. 168, by reason of Section 1.C., of H. B. 168 which defines "employee".

We are, therefore, of the opinion that the employees of the conservation and reclamation districts named in your request are not eligible for membership in the Employees Retirement System of Texas.

## SUMMARY

The employees of the conservation and reclamation districts created by Acts of the Legislature codified under Chapter 8, Title 128, V. C. S., are not eligible for membership in the Employees Retirement System of Texas under the provisions of the present Act, Art. 6228a, V. C. S.

Yours very truly,

APPROVED:

ATTORNEY GENERAL OF TEXAS

*Price Daniel*
ATTORNEY GENERAL

By *James T. Bryan*
James T. Bryan
Assistant

JTB:mw